[No. 31322.   Department One.   August 1, 1950.]

R. W. CARNEY et al., Appellants, v. JOHN E. LYDON et al., Respondents.[1]

*Vedova, Horswill & Yeomans,* for appellants.

*Christ D. Lillions,* for respondents.

[1]Reported in 220 P. (2d) 894; 224 P. (2d) 634.

GRADY, J.—This is an appeal from an order granting a motion for a judgment notwithstanding the verdict of the jury in favor of the appellants. The action was brought to recover damages arising out of sanipractic treatment given to appellant by respondent. Dorothy R. Carney and John E. Lydon will be referred to as appellant and respondent respectively.

Appellant had been informed by her physician that she had diabetes. She was averse to the administration of insulin. She consulted respondent, who informed her that by his method of treatment of diabetes neither insulin nor other drugs were used. Respondent made an examination of appellant by ascertaining her weight, temperature, respiration, and heart action. Specimens of urine and blood were sent to laboratories for analysis. A fluoroscopic examination of the torso was made. Further examination was made to discover where there might be congestion, swelling and spastic conditions prevalent in the ailment of which appellant complained, and also to note reflexes and her general bodily condition. The conclusion reached was that her system was overtoxic. The organs of the body were more or less affected, especially the pancreas. There was a general lowering of vitality. Diets were prescribed and instructions given in regard to baths. The purpose was to eliminate the poison from the body and thereby increase vitality. As treatments progressed, respondent was of the opinion there was much improvement in the condition of appellant.

There is evidence in the record from which the jury could have concluded that appellant lost weight, had intermittent swelling of her ankles, a numbness in the lower limbs, impediment in vision, a general physical weakness, and had become irritable. After taking forty-one treatments, appellant became alarmed, ceased taking them, and entered a hospital. After a period of hospitalization and taking insulin, the condition of appellant improved to such an extent as to enable her to live a comparatively normal life.

■ We gather from the remarks of the trial judge when ruling upon the motion for a judgment notwithstanding the verdict that he considered a licensed sanipractor when operating within his school of treatment should be governed by the same rules applicable to a physician, and, following the pronouncements made in *Fritz v. Horsfall,* 24 Wn. (2d) 14, 163 P. (2d) 148, was of the opinion that malpractice was not established. The analogy does not apply to a drugless healer because he is restricted by statute to that which is permitted under the license issued to him. Rem. Rev. Stat., §§ 10114 and 10123 [P.P.C. §§ 517-5, -25]; *Martin v. Department of Social Security,* 12 Wn. (2d) 329, 121 P. (2d) 394; *State v. Houck,* 32 Wn. (2d) 681, 203 P. (2d) 693.

■ This is not a case where it can be said respondent was negligent in the performance of that which he undertook to accomplish. He knew appellant had diabetes. It was not what he prescribed or instructed appellant to do that created a foundation for legal liability. His fault lay in the fact that his method of treatment did not supply the pancreas deficiency necessary to retard the progress of the ailment with which appellant was suffering. There was evidence before the jury sufficient to support a finding that respondent knew or should have known, or discovered, his method of treatment for diabetes was not of a character productive of reasonable success. When such a situation arises, it then becomes the duty of a drugless healer to cease and desist from treating the patient and to advise him to seek other relief. *Kelly v. Carroll, ante* p. 482, 219 P. (2d) 79.

We are in accord with the action of the court in refusing to submit to the jury whether respondent contracted with appellant to cure her ailment. The most that can be said on this subject is that he expressed the opinion that his method of treatment was designed to eliminate poison from the body and that should be followed by relief from the disease.

The judgment is reversed, and the case remanded to vacate the order granting a judgment notwithstanding the verdict and to enter judgment thereon.

SIMPSON, C. J., BEALS, SCHWELLENBACH, and DONWORTH, JJ., concur.

## ON RECALL OF REMITTITUR.
[Department One.   November 30, 1950.]

PER CURIAM.—We have recalled the remittitur in this cause so that we may review and determine the validity of the ruling of the trial court denying the motion of respondent for a new trial, as prescribed by Rule of Practice 14, 18 Wn. (2d) 42-a.

■   Our attention is called to some remarks made by the trial judge when he considered the motion for a new trial, from which it is argued that he must have been of the opinion that the jury was influenced by passion and prejudice and believed that the respondent should not have treated appellant for the disease with which she was suffering.  Upon this basis, respondent urges that we should accept the attitude of the trial judge and grant the motion for a new trial, notwithstanding the fact that even though he may have entertained such views, he denied the motion.

It is not our province to speculate on what the jurors may have had in mind, nor to consider views expressed by the trial judge when the motion for a new trial was before the court.  Our study of the record convinces us that no error was committed during the progress of the trial warranting a setting aside of the verdict of the jury.  The evidence was sufficient from both a legal and factual standpoint to sustain the verdict, and nothing has been presented by respondent on this appeal requiring a reversal of the order.

The order of the trial court denying the motion for a new trial is affirmed, and the cause again remanded for the entry of judgment upon the verdict of the jury.

---

November 2, 1950.  Petition for rehearing denied.