[No. 26036.  Department One.  May 4, 1936.]

LEAH COWAN LAUX, *Appellant,* v. JOHN STITT *et al.,*
*Respondents.*[1]

*George S. Woodworth,* for appellant.

*A. C. Van Soelen* and *Jno. A. Homer,* for respondents.

MILLARD, C. J.—This action was instituted by the
plaintiff to recover damages for alleged false arrest
and wrongful imprisonment against two police officers,
the chief of police of the city of Seattle, and the surety
on the official bond of the chief of police.  The wives

[1]Reported in 57 P. (2d) 321.

of the police officers were joined for the purpose of recovering judgment against the marital communities. Trial of the cause to the court without a jury resulted in judgment of dismissal. Plaintiff appealed.

The judgment was entered July 27, 1935. On November 21, 1935, more than ninety days subsequent to the entry of the judgment, the statement of facts was served and filed. It follows that the motion of respondents that the statement of facts be stricken must be granted.

In the absence of a statement of facts, the findings of the trial court establish the facts on appeal, and the only question presented by the appeal is whether the findings sustain the judgment.

The trial court found that the appellant solicited each of the respondent arresting officers to commit the act of prostitution, which is a violation not only of a statute, but also of an ordinance of the city of Seattle, and thereupon respondent arresting officers placed the appellant under arrest and escorted her to police headquarters in the city of Seattle, where she was charged in police court with soliciting prostitution.

Not only did the arresting officers have probable cause to believe that the appellant was committing the offense with which she was charged, but she was actually committing the offense at the time of her arrest. That her arrest was justified and that the arresting officers would not be liable in this action for false arrest, is clear. It is unnecessary to cite sustaining authority.

The imprisonment of appellant for a period of one week for the purpose of concluding her blood test was pursuant to a health ordinance of the city of Seattle. We held in *State ex rel. McBride v. Superior Court,* 103 Wash. 409, 174 Pac. 973, that such ordi-

nances are not unconstitutional, and that such persons as the appellant was found to be may be detained for the purpose of determining the presence of a venereal disease.

It is unnecessary to set out the findings of fact; no good purpose would be served thereby. The record as before us requires an affirmance of the judgment. It is so ordered.

TOLMAN, MITCHELL, STEINERT, and GERAGHTY, JJ., concur.