[No. 28541. *En Banc.* January 29, 1942.]

JACK MARTIN, *Respondent,* v. THE DEPARTMENT OF SOCIAL SECURITY, *Appellant.*[1]

[1]Reported in 121 P. (2d) 394.

*The Attorney General, Phil H. Gallagher,* and *R. C. Finley, Assistants,* and *Pat Guimont,* for appellant.

*Ralph L. J. Armstrong,* for respondent.

*Laube & Laughlin* and *Patrick A. Geraghty, amici curiae.*

MAIN, J.—This is an appeal from a judgment of the superior court reversing an order of the state department of social security. July 9, 1941, one Jack Martin, who was then a recipient of an old-age assistance grant, requested authorization from the administrator of the Thurston county welfare department for treatment by one George Zeren, a licensed sanipractor. This application was denied, and Martin appealed to the department of social security. That department likewise denied the request, from which Martin appealed to the superior court. The trial in that court resulted in findings of fact and conclusions which sustained the application. From the judgment reversing the order of the department of social security, that department appealed.

Sanipractic is a method of drugless healing, and one who practices that particular method of healing is restricted to what he is permitted to do under the certificate or license which has been issued to him. Laws of 1919, chapter 36, p. 64 (Rem. Rev. Stat., §§ 10112 to 10125 [P. C. §§ 2077-1 to 2077-17]); *State v. Lydon,* 170 Wash. 354, 16 P. (2d) 848.

Section 15 of initiative measure No. 141, chapter 1, p. 11, Laws of 1941, which is the senior citizens grants act, is as follows:

"ADDITIONAL CARE. In addition to Senior Citizen Grants, the department [Social Security] shall provide for those eligible medical, dental, surgical, optical, hospital and nursing care by a doctor of recipient's own choosing; . . . "

The question here for decision is the meaning to be given to the word "doctor," as used in that section of the statute. The department contends that, by the use of that term, it was the intention to only allow the recipient to have such treatment as could be administered by a regularly licensed medical practitioner. On the other hand, Martin contends that it was the intention to give the recipient the right to choose anyone authorized to give treatment, such as drugless healing, within the scope of the license which had been issued to such practitioner.

If the contention of the department should be sustained, then the words in the statute, "hospital and nursing care," would have no meaning. This is made obvious by assuming that the act had used only those words, and that it had read as follows:

"ADDITIONAL CARE. In addition to Senior Citizen Grants, the department shall provide for those eligible . . . hospital and nursing care by a doctor of recipient's own choosing; . . . "

A statute should not be given an interpretation which would make it an absurdity when it is susceptible of a reasonable interpretation which would carry out the manifest intent of the legislature. In *State v. Asotin County*, 79 Wash. 634, 140 Pac. 914, it was said:

"An act of the legislature should not be given an interpretation which would make it an absurdity when it is susceptible of a reasonable interpretation which

would carry out the manifest intent of the legislature. In Endlich, Interpretation of Statutes, § 264, it is said:

" 'The presumption against absurdity in the provision of a legislative enactment is probably a more powerful guide to its construction, than even the presumption against unreason, inconvenience, or injustice. The legislature may be supposed to intend all of these; but it can scarcely be supposed to intend its own stultification. Accordingly, it has been said, that, when to follow the words of an enactment would lead to an absurdity as its consequences, that constitutes sufficient authority to the interpreter to depart from them.' "

■ A statute should be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant. In the case of *State ex rel. Baisden v. Preston,* 151 Wash. 175, 275 Pac. 81, there was quoted, with approval, from the case of *Market Co. v. Hoffman,* 101 U. S. 112, 25 L. Ed. 782, the following excerpt:

"As early as in Bacon's Abridgment, section 2, it was said that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.' "

■ The drafters of the statute here in question and the people who voted for the measure undoubtedly intended that every word used in section fifteen should have some meaning. It was intended, by the use of the word "doctor," to include any person who was authorized to practice any of the healing arts specified, so long as such practitioner did not exceed the scope of his license or certificate.

We are not here concerned with the question of who, under the laws of this state, may use the word "doctor" or "Dr." in connection with his name as a practitioner of the healing arts. No one in this case has been charged with using the word "doctor" or "Dr." un-

lawfully. That question is not involved upon this appeal, and we express no opinion thereon.

Section nine of initiative measure No. 141 makes a provision for the allowance of a reasonable attorney's fee when a decision in this court is rendered in favor of the applicant for old-age assistance. We will, therefore, fix such fee in the sum of one hundred and fifty dollars.

The judgment of the superior court will be affirmed.

ROBINSON, C. J., BEALS, BLAKE, JEFFERS, and DRIVER, JJ., concur.

STEINERT, J. (concurring)—I am in accord with this opinion except as to the amount of attorney's fee allowed. In view of the extent of the legal work involved and required in the case, and in further view of the fact that many other cases of similar import are determined by this decision, I think that the attorney's fee should be fixed at five hundred dollars.

MILLARD and SIMPSON, JJ., concur with STEINERT, J.