[No. 31061. Department Two. October 20, 1949.]

G. E. LOVELL, *Appellant*, v. ELSPETH REID, *as Executrix, Respondent*.[1]

[1] Reported in 210 P. (2d) 803.

G. E. Lovell, *pro se.*

*Clegg & Hickman,* for respondent.

HILL, J.—The question presented is: When money belonging to R has remained in L's possession for more than four years and is, when R demands it, voluntarily paid into the court by L for a determination of the question of ownership, can L, by raising the statute of limitations, (1) bar R's right to have the money awarded to him or (2) establish his own right to the money?

The findings of fact made by the trial court, somewhat condensed, are as follows:

L, while acting as R's attorney, settled a law suit in such a way that R recovered a judgment for one thousand dollars. L collected the money on October 10, 1944, and satisfied the judgment. Under a contingent fee agreement, L was entitled to four hundred dollars, and on October 11th he sent R a check for the remaining six hundred dollars. On the following day, R returned the check, protesting against the settlement that had been made by L. L retained the money, and demand was first made for it on October 26, 1948, by R's executrix, asking for the sum of one thousand dollars less attorney's fees of not to exceed four hundred dollars.

On November 4, 1948, L paid one thousand dollars into the court in the proceeding in which the judgment had been entered; but thereafter, on November 13th, he commenced the present action and asked a determination of the ownership of the one thousand dollars, which sum was then transferred to the registry of the court in the present cause. L asserted that R (or his executrix) was barred by the statute of limitations from asserting any right therein.

The trial court held that six hundred of the one thousand dollars paid into the court belonged to R's executrix, that four hundred dollars belonged to L under the contingent fee agreement, and that L had waived the defense of the statute of limitations by paying the one thousand dollars into the court for the purpose of having the court determine the ownership of the money.

There being no statement of facts, the only question before us is whether the findings sustain the judgment. *Laux v. Stitt*, 186 Wash. 180, 57 P. (2d) 321; *In re Levas' Estate*, 33 Wn. (2d) 530, 206 P. (2d) 482.

We will assume, without deciding, that the three-year limitation period prescribed by Rem. Rev. Stat. (Sup.), § 159 [P.P.C. § 73-11], would have been available to L as a defense had he been sued for the six hundred dollars.

We will first dispose of the second phase of the question presented, *i.e.*: Did the running of the statute of limitations establish L's right to the six hundred dollars?

L, as appellant here, relies heavily upon *Edison Oyster Co. v. Pioneer Oyster Co.*, 22 Wn. (2d) 616, 157 P. (2d) 302, wherein we recognized that title to personal property could, under certain conditions, be acquired by adverse possession. In that case (a proceeding for a declaratory judgment), one claimant of certain oysters had permitted them to remain on the land of another until any action for their recovery was barred; moreover, the claimant on whose land they were, had, during that period, openly exercised the rights of ownership over the oysters. In that case, we quoted the rule as stated in 37 C. J. 699, as follows:

"Where one has had the peaceable, undisturbed, open possession of personal, as well as real, property, with

an assertion of his ownership, for the period which, under the law, would bar an action for its recovery by the real owner, the former has acquired a good title—a title superior to that of the latter, whose neglect to avail himself of his legal rights has lost him his rights."

■ In the present case, L did not, until this action was brought, assert any ownership over the six hundred dollars here in question; hence, his possession of that sum was in no sense adverse to R. Even if the statute of limitations was open to him as a defense, L could not, in the absence of proof of an adverse claim, rely upon the statute of limitations to establish his own right or title to the sum of six hundred dollars, which represented the portion of the original judgment to which R was entitled. The rule is:

"Except that a title acquired by adverse possession may be used by the disseisor either as a weapon or as a shield, as his necessities may demand, the bar of the statute ordinarily will not afford a basis for affirmative relief in behalf of one in whose favor the statutory period operates." 34 Am. Jur. 314, Limitation of Actions, § 400.

■ We pass now to the other phase of the question presented, *i.e.*: Can L, by raising the statute of limitations, bar R's right to recover the six hundred dollars?

A direct answer to that question is not necessary, because L is not entitled to raise it here. We have seen that L has acquired no title to and no right to recover the six hundred dollars belonging to R (or his executrix) which L had voluntarily paid into court for a determination of its ownership; and it therefore follows that, even if the trial court erred in holding that L had waived the statute of limitations and in awarding the six hundred dollars to R's executrix, L, having no interest in the six hundred dollars in question, can have no possible grounds for complaint. We pointed out in the early case of *Munroe v. Sedro Lbr. & Shingle Co.*, 16 Wash. 694, 48 Pac. 405, that an appellant cannot complain of a judgment awarding certain claimants a portion of a fund even if the award be erroneous, if the appellant would not be benefited by a reversal of the judgment. See, also, *Gamer Paper Co. v. Tuscany*, 264 S. W. (Tex. Civ. App.) 132.

To summarize: Assuming, but not deciding, that the three-year limitation prescribed by statute is applicable in the present case, we hold that the mere lapse of the period of limitation, without any open and adverse claim on the part of L, gave L no title to R's money in his possession, and that, having voluntarily surrendered any right to retain possession of it, L has no basis to complain as to the trial court's disposition of the money.

ROBINSON, MALLERY, and HAMLEY, JJ., concur.

SIMPSON, C. J., concurs in the result.

---

November 17, 1949. Petition for rehearing denied.

