82 Wn.2d 858 (1973)
514 P.2d 524
EL COBA COMPANY DORMITORIES, INC., Respondent,
v.
FRANKLIN COUNTY PUBLIC UTILITY DISTRICT, Petitioner.
No. 42701.
The Supreme Court of Washington, En Banc.
October 4, 1973.
STAFFORD, J.
During the early summer of 1968, plaintiff, El Coba Company Dormitories, Inc., commenced construction of a dormitory in Pasco, Washington. Defendant, Franklin County Public Utility District (hereinafter called PUD) began providing temporary electrical service to the project in July 1968. On October 29, 1968, plaintiff requested, and paid a deposit of $250 for, permanent electrical service to the dormitory. Defendant PUD issued a work order to have its employees install the permanent service.
At the time the work order was issued, plaintiff was involved in a labor dispute with, and was being picketed by, certain building trades unions because nonunion labor had been employed on plaintiff's project. All the parties to the present action knew of the labor dispute.
The PUD employees are members of defendant International Brotherhood of Electrical Workers, Local No. 77 (hereinafter called IBEW). Although the IBEW was not involved in the labor dispute, the PUD employee-members refused to cross the picket line. As a result, the requested permanent service was not installed by the PUD pursuant to the alleged agreement.
Plaintiff sued the PUD and the IBEW contending that defendant PUD had breached its contract to provide permanent electrical service within a reasonable time and that defendant IBEW had tortiously interfered with the contract between plaintiff and the PUD. Defendant PUD answered denying the asserted breach of contract and, as an *860 affirmative defense, alleged plaintiff had not filed a claim against it as required by RCW 54.16.110.
Thereafter, based on the affirmative defense, PUD moved for a summary judgment. Defendant IBEW did not answer but moved to dismiss plaintiff's claim alleging that plaintiff's remedy against it rested exclusively with the National Labor Relations Board.
The trial court granted both motions. The Court of Appeals reversed the Superior Court and remanded the case for trial against both defendants. The PUD petitioned this court for review of the Court of Appeals decision. The IBEW did not file a petition for review.
[1] We shall confine ourselves to those issues presented in the petition for review. Issues that are not raised in the petition for review or the answer thereto will not be considered (Wood v. Postelthwaite, 82 Wn.2d 387, 510 P.2d 1109 (1973)) unless we conclude that the resolution of issues demands otherwise. The sole question here is whether the filing of a claim with a PUD is a condition precedent to commencement of an action against a utility district for breach of contract.
Defendant PUD contends that the Court of Appeals erred in holding that plaintiff was not required to file a claim with the PUD as a condition precedent to commencing a suit against it for breach of contract. We do not agree. The Laws of 1967, chapter 164 impliedly repeal the requirements of RCW 54.16.110.
In referring to public utility districts, RCW 54.16.110 originally provided:
A district may sue in any court of competent jurisdiction, and may be sued in the county in which it is located. No suit for damages shall be maintained against a district except on a claim filed with the commission complying in all respects with the terms and requirements for claims for damages filed against cities of the second class.
(Italics ours.) Laws of 1955, ch. 390, § 12. The procedure for filing claims against second class cities was set forth in *861 RCW 35.23.340 and RCW 35.31.040, both of which required that claims for "damages" must be filed within 90 days of the date the damage occurred.
In Laws of 1957, ch. 224, §§ 10, 11, codified as RCW 53.52.010 and .020, the legislature extended the period for filing claims for "damages" against certain districts, including PUD's, to "within one year from the date the damage occurred ..." In Puget Constr. Co. v. Pierce County, 64 Wn.2d 453, 392 P.2d 227 (1964), we construed a similar claims statute and held the word "damages" meant damages for either breach of contract or tort. Thus, the filing of a claim was required for both contract and tort actions under RCW 54.16.110.
Subsequently, the Laws of 1967, chapter 164, were enacted to provide a uniform system for filing claims with political subdivisions of the state (1967 S. Jour. 928). In section 16 of chapter 164 the legislature expressly repealed RCW 53.52.010 and.020, which had extended the filing period to "within one year from the date the damage occurred ..." and RCW 35.23.340, which had provided the procedure for filing claims against second class cities. However, RCW 54.16.110 was not expressly repealed.
Laws of 1967, ch. 164, § 1 provides:
All political subdivisions, municipal corporations, and quasi municipal corporations of the state, whether acting in a governmental or proprietary capacity, shall be liable for damages arising out of their tortious conduct, or the tortious conduct of their officers, agents or employees to the same extent as if they were a private person or corporation: Provided, That the filing within the time allowed by law of any claim required shall be a condition precedent to the maintaining of any action. The laws specifying the content for such claims shall be liberally construed so that substantial compliance therewith will be deemed satisfactory.
(Italics ours.) RCW 4.96.010. Section 4 of chapter 164 provides:
(1) Chapter 35.31 RCW shall apply to claims against cities and towns, and chapter 36.45 RCW shall apply to claims against counties.

*862 (2) The provisions of this subsection shall not apply to claims against cities and towns or counties but shall apply to claims against all other political subdivisions, municipal corporations, and quasi municipal corporations. Claims against such entities for damages arising out of tortious conduct shall be presented to and filed with the governing body thereof within one hundred twenty days from the date that the claim arose. All such claims shall be verified and shall accurately describe the conduct and circumstances which brought about the injury or damage, describe the injury or damage, state the time and place the injury or damage occurred, state the names of all persons involved, if known, and shall contain the amount of damages claimed, together with a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six months immediately prior to the time the claim arose. If the claimant is incapacitated from verifying, presenting, and filing his claim in the time prescribed or if the claimant is a minor, or is a nonresident of the state absent therefrom during the time within which his claim is required to be filed, the claim may be verified, presented, and filed on behalf of the claimant by any relative, attorney, or agent representing him. No action shall be commenced against any such entity for damages arising out of tortious conduct until a claim has first been presented to and filed with the governing body thereof. The requirements of this subsection shall not affect the applicable period of limitations within which an action must be commenced, but such period shall begin and shall continue to run as if no claim were required.
(Italics ours.) RCW 4.96.020.
[2] The legislature is presumed to be familiar with judicial decisions construing existing statutes. Pacific Northwest Bell v. Department of Revenue, 78 Wn.2d 961, 968, 481 P.2d 556 (1971) and Graffell v. Honeysuckle, 30 Wn.2d 390, 191 P.2d 858 (1948). In Graffell we stated at page 399:
In enacting legislation upon a particular subject, the lawmaking body is presumed to be familiar not only with its own prior legislation relating to that subject, but also with the court decisions construing such former legislation.
*863 Thus, in 1967, when the legislature enacted chapter 164, it is presumed to have known that this court had construed the word "damages", as used in a prior claims statute, to mean damages arising from either tort or breach of contract. Nonetheless, section 4(2) of chapter 164 does not require claims to be filed for "damages", as in the earlier statute, but requires claims only for "damages arising out of tortious conduct". The requirement of filing a claim for damages arising out of alleged breach of contract is thus eliminated.
[3] While RCW 54.16.110 was not expressly repealed, an examination of Laws of 1967, chapter 164 makes it clear that chapter 164 has repealed RCW 54.16.110 by implication. A statute is impliedly repealed by later legislation if either of two conditions are present.
(1) the later act covers the entire subject matter of the earlier legislation, is complete in itself, and is evidently intended to supersede prior legislation on the subject; or (2) the two acts are so clearly inconsistent with, and repugnant to, each other that they cannot be reconciled and both given effect by a fair and reasonable construction.
In re Chi-Dooh Li, 79 Wn.2d 561, 563, 488 P.2d 259 (1971).
[4] The first condition is met by Laws of 1967, chapter 164. Sections 1 and 4 thereof cover the entire subject matter of RCW 54.16.110. Section 1 covers the first sentence of RCW 54.16.110 and section 4(2) the second. Chapter 164 is complete in itself; sections 1 and 4 supersede RCW 54.16.110. This is evident from the fact that section 4(2) requires: first, that its provisions apply to all political subdivisions, municipal corporations, and quasi municipal corporations except cities, towns, and counties; and second, that a claim be filed only for "damages arising out of tortious conduct" and not merely for "damages" as that term was used in RCW 54.16.110 and construed earlier by this court.
Moreover, RCW 54.16.110 and the Laws of 1967, chapter 164, sections 1 and 4 are inconsistent and repugnant to each *864 other. As stated above, RCW 54.16.110 requires the filing of a claim for "damages" whereas sections 1 and 4 of chapter 164 require claims only for "damages arising out of tortious conduct". Furthermore, RCW 54.16.110 states that the claim must comply "with the terms and requirements for claims for damages filed against cities of the second class". These requirements were set forth in RCW 35.23.340 and RCW 35.31.040. In addition, section 16 of chapter 164 of the Laws of 1967 expressly repealed RCW 35.23.340 and section 13 of the same chapter amended RCW 35.31.040 to refer to non-charter cities and towns instead of cities of the second class. Finally, section 4(2) of Laws of 1967, chapter 164, expressly provides in part:
The provisions of this subsection shall not apply to claims against cities and towns or counties [which are provided for in subsection (1)] but shall apply to claims against all other political subdivisions, municipal corporations, and quasi municipal corporations.
(Italics ours.) Thus, the second condition for repeal by implication is also present.
In conclusion, we hold that RCW 54.16.110 has been impliedly repealed by Laws of 1967, chapter 164, sections 1 and 4.
For the reasons we have set forth above, we affirm only the result of the Court of Appeals opinion. The filing of a claim with a PUD is not required and is not a condition precedent to the commencement of an action against a PUD for damages arising out of an alleged breach of contract.
The case is remanded for trial.
HALE, C.J., FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.