[No. 49099–6.   En Banc.   January 19, 1984.]

BELLEVUE SCHOOL DISTRICT No. 405, *Appellant,* v. BRAZIER CONSTRUCTION COMPANY, *Defendant,* R. F. BARKSHIRE CONSTRUCTION COMPANY, INC., ET AL, *Respondents.*

*Foster, Pepper & Riviera, Marco J. Magnano, David C. Anderson,* and *John H. Pierce,* for appellant.

*Robert P. Piper, Mary Ellen Hanley, Philip A. Talmadge,* and *Anthony R. Winchester* (of *Karr, Tuttle, Koch, Campbell, Mawer & Morrow, P.S.*); *Sam E. Baker, Jr.* (of *Oles, Morrison, Rinker, Stanislaw & Ashbaugh*); *Philip T. Hutchinson* (of *Casey, Pruzan & Kovarik*); and *Martin E. Snodgrass* (of *Keller, Jacobson, Hole, Jackson & Snodgrass*), for respondents R. F. Barkshire Construction Co., et al.

*Donald C. Harrison,* for respondent General Insurance Co.

DORE, J.—Plaintiff Bellevue School District filed this action for breach of construction contracts in connection with the construction from 1963–65 of Newport High School. The complaint alleged design and construction defects generally relating to sufficiency of structural support in the building walls and failure to secure adequately the roofs of the buildings to the walls.

Defendants moved for summary judgment, arguing

plaintiff's claim was barred by RCW 4.16.310, which limits actions based on construction contracts to those which accrue within 6 years of substantial completion of construction. The Superior Court granted defendants' motion for summary judgment of dismissal and made the following findings:

2. [The school district's] complaint and the claims and causes of action asserted therein against moving defendants are barred by RCW 4.16.300–.310.

3. The plaintiff school district is a municipal corporation.

4. Plaintiff did not bring this action for the benefit of the state.

5. There is no rational distinction between an action of this character initiated by a school district and one initiated by a private party under similar circumstances; and there is thus no reason to apply a different time within which the School District must bring its action.

6. Application of RCW 4.16.160 to permit an action by a school district which would otherwise be barred by RCW 4.16.300–.310 is unconstitutional under the equal protection clauses of the State and the Federal Constitutions.

We reverse.

I

█ It is well settled that school districts act on behalf of the State when they build and maintain school buildings. *See, e.g., Seattle Sch. Dist. 1 v. State,* 90 Wn.2d 476, 585 P.2d 71 (1978); *State ex rel. DuPont–Fort Lewis Sch. Dist. 7 v. Bruno,* 62 Wn.2d 790, 384 P.2d 608 (1963); *Edmonds Sch. Dist. 15 v. Mountlake Terrace,* 77 Wn.2d 609, 465 P.2d 177 (1970). *Accord, Unified Sch. Dist. 490 v. Celotex Corp.,* 6 Kan. App. 2d 346, 629 P.2d 196 (1981); *Dunn v. W.F. Jameson & Sons, Inc.,* 569 S.W.2d 799 (Tenn. 1978). Const. art. 9, § 1 imposes upon the State the paramount duty of making adequate provision for the education of all children residing within its borders. *Seattle Sch. Dist. 1,* at 512; *State ex rel. DuPont,* at 795. Ostensibly, school districts are municipal corporations with direct authority to establish, maintain, and operate public schools and to erect

and maintain school buildings. *Edmonds Sch. Dist. 15,* at 611. *See* RCW 28A.58.010. Unlike cities and towns, however, school districts

> are essentially only *quasi* municipal corporations. They are mere arms of the state for the administration of its school system. . . .
>
> . . .
> . . . exercising a portion of the sovereign power of the state, not for their own benefit, but as agents of the public.

(Citation omitted.) *Howard v. Tacoma Sch. Dist. 10,* 88 Wash. 167, 170–71, 152 P. 1004 (1915). *Accord, Edmonds Sch. Dist. 15,* at 611–12.

In the present case, the Bellevue School District was acting in its sovereign capacity since it held the land upon which the school was built "for a specific public purpose". Furthermore, the School District sued to enforce "remedial rights", rather than seeking a penalty, since its acts involve "compensating the public for a tangible loss it has suffered." *See U.S. Oil & Ref. Co. v. Department of Ecology,* 96 Wn.2d 85, 90, 633 P.2d 1329 (1981). Therefore, the School District acted for the benefit of the State when it sued for breach of contracts for the construction of Newport High School, and the action is governed by RCW 4.16-.160.

## II

The defendants contend that even if the School District's action is within the confines of RCW 4.16.160, application of RCW 4.16.160 does not remove the School District's action from operation of RCW 4.16.310 because RCW 4.16-.310 is not a statute of limitations but a "statute of repose". While RCW 4.16.310 may be considered a statute of repose, such classification has no relevancy on the application of RCW 4.16.160, which provides:

> The *limitations prescribed in this chapter* shall apply to actions brought in the name or for the benefit of any county or other municipality or quasimunicipality of the state, in the same manner as to actions brought by private parties: *Provided,* That there shall be *no limitation*

to actions brought in the name or for the benefit of the state, *and no claim of right predicated upon the lapse of time* shall ever be asserted against the state . . .

(Italics ours.)

■ This provision does not distinguish between statutes of limitation and statutes of repose, but applies to all *limitations* prescribed in RCW 4.16, which includes RCW 4.16-.310. Although RCW 4.16.310 may technically be a statute of repose barring causes of action that do not accrue within 6 years after substantial completion or termination of any of the specified services, it remains that RCW 4.16.310 is a *limitation* on the right to bring suit on construction claims of a certain age. *See Rodriguez v. Niemeyer,* 23 Wn. App. 398, 595 P.2d 952 (1979); *Pinneo v. Stevens Pass, Inc.,* 14 Wn. App. 848, 545 P.2d 1207, *review denied,* 87 Wn.2d 1006 (1976); Comment, *Limitation of Action Statutes for Architects and Builders—Blueprints for Non–Action,* 18 Cath. U. L. Rev. 361 (1969).

Within the language of RCW 4.16.310 itself is the express recognition that the provision is one of *limitation.* RCW 4.16.310 provides that "this limitation shall not be asserted as a defense by any owner, tenant or other person in possession and control of the improvement at the time such cause of action accrues."

Because RCW 4.16.160 applies to all limitations contained in RCW 4.16, and RCW 4.16.310 is a limitation provision, we hold that the School District is entitled to maintain this action. As RCW 4.16.310 does not bar the School District's claim against contractors, it is evident that RCW 4.16.310 has no application to the claim against the bond of General Insurance Company of America as surety for the contractors.

III

We now address the constitutionality of RCW 4.16.160. The principle of equal protection does not require that things different in fact be treated in law as though they were the same. The equal protection principle does require,

however, in its concern for equality, that those who are similarly situated be similarly treated. *Jenkins v. State,* 85 Wn.2d 883, 888, 540 P.2d 1363 (1975). If a statute creates an inherently suspect classification such as one based on race, nationality, or alienage, the statute, when challenged, will be subjected to strict scrutiny. A statute which does not affect fundamental rights or create a suspect classification, however, is generally subjected to minimal judicial scrutiny and will not be invalidated unless it rests on grounds wholly irrelevant to the achievement of a legitimate state objective. *Nielsen v. Washington State Bar Ass'n,* 90 Wn.2d 818, 820, 585 P.2d 1191 (1978).

The classification created by RCW 4.16.160 is of defendants in actions "for the benefit of the state". These defendants, unlike defendants in actions brought by private parties, are prohibited from asserting the statute of limitation as a defense. The classification created by RCW 4.16-.160 is not based on race, nationality, or alienage, and does not establish an inherently suspect classification. Likewise, the statute does not affect fundamental rights. It is well settled a statute of limitation does not create vested property rights. *E.g., Campbell v. Holt,* 115 U.S. 620, 29 L. Ed. 483, 6 S. Ct. 209 (1885); *State v. Aberdeen,* 34 Wash. 61, 74 P. 1022 (1904). Nor does a statute of limitation provide a means for acquiring affirmative relief. Rather, it is a defense that may be asserted when available or is thereafter waived. *Pacific Northwest Bell Tel. Co. v. Department of Rev.,* 78 Wn.2d 961, 967, 481 P.2d 556 (1971). *See Lovell v. Reid,* 34 Wn.2d 847, 850, 210 P.2d 803 (1949).

Given the foregoing analysis, RCW 4.16.160 must meet the "minimum scrutiny" test to pass constitutional muster. Under the "minimum scrutiny" approach, the reviewing court must determine (1) whether the legislation applies alike to all members within the designated class; (2) whether there are reasonable grounds to distinguish between those within and those without the class; and (3) whether the classification has a rational relationship to the purpose of the legislation. *Yakima Cy. Deputy Sheriff's*

*Ass'n v. Board of Comm'rs,* 92 Wn.2d 831, 835–36, 601 P.2d 936 (1979), *appeal dismissed,* 446 U.S. 979 (1980). Under the minimum scrutiny analysis, a challenged statute is presumed constitutional and the party challenging it has a heavy burden of showing there is no reasonable basis for the classification or the classification is contrary to the purpose of the legislation. *Yakima Cy.,* at 836.

▮ The exclusion from limitations provided by RCW 4.16.160 does not apply equally to all defendants, but applies only to actions brought by or for the benefit of the State. Nevertheless, the inequality of application of the statute does not render it unconstitutional. First, there exist reasonable grounds to distinguish between defendants in actions "for the benefit of the state" and those in actions brought by private parties. As the United States Supreme Court stated in *Guaranty Trust Co. v. United States,* 304 U.S. 126, 82 L. Ed. 1224, 58 S. Ct. 785 (1938), "the rule *nullum tempus* rests on the public policy of protecting the domestic sovereign from omissions of its own officers and agents whose neglect, through lapse of time, would otherwise deprive it of rights." *Guaranty Trust Co.,* at 141, *quoted in Pacific Northwest Bell Tel. Co.,* at 966. Furthermore, there exist reasonable grounds for the inequality of application of RCW 4.16.160. In *U.S. Oil & Ref. Co. v. Department of Ecology, supra* at 90, the Washington Supreme Court explained the basis for the penal/remedial distinction:

> Unlike penal actions, remedial lawsuits involve compensating the public for a tangible loss it has suffered. The public has a stronger interest in recovering its losses than in punishing the perpetrator, and thus there is some basis for the disparate limitation periods.

Finally, the classification created by RCW 4.16.160 has a rational relationship to the purpose of the statute. As the court stated in *State v. Conifer Enters., Inc.,* 82 Wn.2d 94, 97, 508 P.2d 149 (1973):

> The state interest to be promoted or the evil to be corrected, and the relationship of the statute to this pur-

pose, must be sought out. However, in a state where legislative intent is seldom recorded, and where only infrequently does a legislative act carry a recital of facts upon which the legislature is acting, the court necessarily has had to engage in certain presumptions.

The basic rule is that if the court can reasonably conceive of a state of facts to exist which justify the legislation, those facts will be presumed to exist. Further, it will be presumed that the statute was passed with reference to those facts.

(Citations omitted.)

Presumably, the purpose of the statute is to insure recovery by the State of tangible losses it has suffered. The present case is an excellent example of the relationship of the statute to the purpose it serves. The only defense asserted here by defendants is the expiration of the limitations period. Should the limitations period apply to the present case, the public would be prevented from recovering losses it suffered as a result of breaches of contracts between the School District and defendants. RCW 4.16.160 furthers the purpose it was intended to serve by allowing the State to recover on legitimate, but otherwise stale, claims.

RCW 4.16.160 protects the citizens of the state by assuring that the State will not be barred from asserting its legal rights by lapse of time. There can be no doubt that protection of the State's legal rights is a legitimate State objective and that RCW 4.16.160 promotes that objective.

We reverse and remand to the Superior Court with instructions to proceed with trial on the merits.

WILLIAMS, C.J., and ROSELLINI, DIMMICK, and PEARSON, JJ., concur.

DOLLIVER, J. (dissenting)—Claiming it makes no difference how RCW 4.16.310 is characterized, the majority holds RCW 4.16.160 to be dispositive. Certainly because of RCW 4.16.160, the State cannot be barred from seeking a remedy in an action it would otherwise be entitled to bring. The

statute, however, does not create an action where none has previously existed. Statutes of limitation or of repose bar the remedy; they do not extinguish a right or obligation. On the other hand, with a nonclaim statute such as RCW 4.16-.310, there is no remedy to be barred since no right ever came into existence.

This distinction is carefully spelled out in *Lane v. Department of Labor & Indus.*, 21 Wn.2d 420, 425–26, 151 P.2d 440 (1944):

> There are two types of statutes which the courts had to apply. One of them is the statute which either by its plain terms or by the construction given it by the court makes the limitation of time inhere in the right or obligation rather than the remedy. It is sometimes referred to as a statute of nonclaim, and, strictly speaking, is not a statute of limitations at all. In its usual form the statute creates some right or obligation and a time is fixed within which the right must be asserted or the obligation sought to be enforced, or the same will be barred. When the limitation period expires, the right or obligation is extinguished and cannot be revived by a subsequent statute enlarging the time limitation. Illustrations of nonclaim statutes in this state are those providing for liens of laborers and materialmen, claims against estates of deceased persons, and claims for damages against municipal corporations.
>
> . . .
>
> The other type of statute is one which relates only to the remedy and has nothing to do with any right or obligation, does not inhere in either, and is wholly independent of them. It is a statute of limitations in its strict sense, and, although a remedy may become barred thereunder, the right or obligation is not extinguished. It is a statute of repose.

A review of RCW 4.16 reveals that RCW 4.16.010–.290 (all of which predate RCW 4.16.300–.320 and the majority of which, including RCW 4.16.160, goes back to the Code of 1881) contain no language which "bars" a cause of action. In contrast both RCW 4.16.310 and 4.16.350 (medical malpractice statute) contain language which bars an action if not commenced within the statutory time. "Any cause of

action which has not accrued within six years after such substantial completion of construction, or within six years after such termination of services, whichever is later, shall be barred". RCW 4.16.310. "Any action not commenced in accordance with this section shall be barred". RCW 4.16-.350(3).

RCW 4.16.310 is a nonclaim statute. In *Ruth v. Dight,* 75 Wn.2d 660, 669, 453 P.2d 631 (1969), we stated such statutes are mandatory and cannot be enlarged or waived. A claim which never arises cannot be brought to life by RCW 4.16.160.

Under the terms of the statute, the effect of the failure to discover the defect within 6 years and thus have the cause of action accrue is to "not merely withhold the remedy, but to take away the very right of recovery". *State v. Evans,* 143 Wash. 449, 452, 255 P. 1035, 53 A.L.R. 564 (1927). *See also In re Rhodes,* 196 Wash. 618, 83 P.2d 896 (1938). "Any cause of action which has not accrued within six years after such substantial completion of construction, or within six years after such termination of services, whichever is later, *shall be barred*". (Italics mine.) RCW 4.16.310.

The effect of a statute such as RCW 4.16.310 is well formulated by the Supreme Court of New Jersey in *Rosenberg v. North Bergen,* 61 N.J. 190, 199, 293 A.2d 662 (1972):

[The statute] does not bar a cause of action; its effect, rather, is to prevent what might otherwise be a cause of action, from ever arising. Thus injury occurring more than ten years after the negligent act allegedly responsible for the harm, forms no basis for recovery. The injured party literally has *no* cause of action. The harm that has been done is *damnum absque injuria*—a wrong for which the law affords no redress. The function of the statute is thus rather to define substantive rights than to alter or modify a remedy.

*See also Regents of Univ. of Cal. v. Hartford Accident & Indem. Co.,* 21 Cal. 3d 624, 644, 581 P.2d 197, 147 Cal. Rptr. 486 (1978) (Clark, J., concurring and dissenting); *Reith v. County of Mountrail,* 104 N.W.2d 667 (N.D. 1960).

The majority cites RCW 4.16.160 as follows:

The *limitations prescribed in this chapter* shall apply to actions brought in the name or for the benefit of any county or other municipality or quasimunicipality of the state, in the same manner as to actions brought by private parties: *Provided,* That there shall be *no limitation* to actions brought in the name or for the benefit of the state, *and no claim of right predicated upon the lapse of time* shall ever be asserted against the state . . .

Majority opinion, at 779–80. The italics of the majority are interesting for what they do and do not include: (1) The phrase "and no claim of right predicated upon the lapse of time" refers not to the circumstances in this case but to adverse possession. As Professor Stoebuck notes:

Before 1903 it was possible, under the ten–year statute, to hold state lands other than shorelands or tidelands adversely, but the adoption of a statute in that year [Laws of 1903, ch. 24, § 1, p. 26; RCW 4.16.160] removed this possibility.

(Footnote omitted.) Stoebuck, *The Law of Adverse Possession in Washington,* 35 Wash. L. Rev. 53, 58 (1960). The language italicized by the majority is the language of the statute referred to by Professor Stoebuck. (2) While the majority italicizes the term "limitation", it neglects to emphasize those portions of the statute which state the limitations shall be "to *actions* brought in the name or for the benefit of the state." (Italics mine.)

It seems elementary to me that if no action exists it is irrelevant to be concerned about a limitation on the action. This has also been the position of this court which has consistently held nonclaim statutes apply to the State and that RCW 4.16.160 does not serve to allow the State to ignore the conditions of nonclaim statutes. *State v. Evans, supra; In re Rhodes, supra.*

As stated by the Supreme Court of Indiana in *Bahr v. Zahm,* 219 Ind. 297, 302, 37 N.E.2d 942 (1941), *quoted with approval in Reith v. County of Mountrail, supra* at 672:

It seems to us that the difference between the statutes here involved is basic. The non–claim statute relates to

the exercise of a right, while the statute relieving the State from the operation of statutes of limitation pertains only to remedies. The non–claim statute imposes a condition precedent to the enforcement of a right of action, while statutes of limitation create defenses that must be pleaded and may be waived. We do not know of any statute or rule of law that relieves the State of Indiana from the obligation to perform conditions precedent upon which the enforcement of a right of action is made to depend.

I believe the correct interpretation of RCW 4.16.310 to be: (1) If the claim or cause of action accrues within 6 years, then and only then will the applicable statute of limitation begin to run. Thus, *e.g.*, if the damage was discovered 5 years after the substantial completion of construction and the applicable statute of limitation was RCW 4.16.040, the action would have to be brought within 6 years of the discovery of the damage or a total of 11 years from the date the damage occurred. (RCW 4.16.160 would toll the statute of limitation but only if the claim had accrued within 6 years.) (2) If the cause of action has not accrued within 6 years, *i.e.*, been discovered by plaintiff, then the cause of action shall be barred. *See Gazija v. Nicholas Jerns Co.,* 86 Wn.2d 215, 543 P.2d 338 (1975).

In 1982, when Bellevue School District filed its lawsuit, it had no claim, it had no action, it had no case. The remedy for this situation is not for this court to rewrite the statute but for school districts to seek legislative relief.

STAFFORD, UTTER, and BRACHTENBACH, JJ., concur with DOLLIVER, J.

New argument granted March 13, 1984.