[No. 461-41047-1.    Division One—Panel 1.    September 28, 1970.]

THE STATE OF WASHINGTON, *Respondent,* v. FREDDIE LEROY THOMPSON, *Appellant.*

*Gerald W. Hess,* for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney* and *Roy N. Howson, Deputy,* for respondent.

PER CURIAM.—The defendant, Freddie LeRoy Thompson, appeals from a conviction on a jury verdict of murder in the second degree. Thompson contends the trial court erred in failing to exercise discretion in admitting evidence of prior convictions of a crime, in failing to instruct the jury that evidence of Thompson's convictions could be considered only for impeachment purposes, and that the attorney for the state committed prejudicial misconduct in commenting on the lengthy record of the defendant during questioning.

The claims of error arise from an incident occurring on cross-examination of Thompson where the following exchange took place between the prosecuting attorney and Thompson.

Q Mr. Thompson, have you been convicted of carrying a concealed weapon? A Yes. Q How many times? A Twice. One was when they found one in a car that I owned. Q That was a deadly weapon being carried in a car? A Yes. Q How about carrying one on your person? A I was convicted for that once. Q How about displaying a deadly weapon? A Once. Q Was that different than that carrying? A Yes. Q Once for carrying and one for displaying one, is that right? A Yes. Q That makes three. Have you ever been convicted of making threats with phone calls? A Well, I had an argument. Q So that is four, is that right? A Yes. Q Now that was in 1962, is that correct? A It's too far back to remember. Q Once for carrying, once for having one in the car, once for displaying a deadly weapon, and once threats and obscene phone calls, is that right? A Yes.

■ The first two claims of error raised by Thompson are not properly before us on appeal. These questions were not presented to the trial court. No objection was made to the disclosure of Thompson's previous convictions by the prosecuting attorney, and there was no request for a limiting instruction. *State v. Van Auken,* 77 Wn.2d 136, 460 P.2d 277 (1969).

We have indicated error may be so fundamental that it deprives the defendant of a constitutional right and thereby excuses the necessity of making objections at trial. *State v. Robinson,* 2 Wn. App. 39, 466 P.2d 164 (1970). We do not find this degree of error here. Counsel for Thompson may have decided calling attention to previous convictions at the time of trial, either by objection or special instruction, was a poor trial tactic. The action of the trial court was proper under our existing statutes and case law. *State v. Smithers,* 67 Wn.2d 666, 409 P.2d 463 (1965); *Mullin v. Builders Dev. & Fin. Serv., Inc.,* 62 Wn.2d 202, 381 P.2d 970 (1963); *State v. Steele,* 150 Wash. 466, 273 P. 742 (1929); RCW 10.52.030. No constitutional right of Thompson's was violated.

Thompson's final contention that the deputy prosecutor was guilty of prejudicial misconduct by inquiring into the defendant's convictions is not well taken. Where no exception to the remarks of the prosecuting attorney is taken, the failure to object can be considered an indication the statements did not amount to misconduct, unless on the record they appear so flagrant that an instruction could not cure the alleged inflammatory effect created thereby. *State v. Van Auken, supra.* The statements are neither obviously prejudicial or so flagrant that an instruction could not have cured their alleged inflammatory effect.

The judgment of the trial court is affirmed.