[No. 42479.   En Banc.   March 1, 1973.]

KARL HERRMANN, *Appellant*, v. JOHN R. CISSNA *et al.*, *Respondents.*

2

*Trethewey & Brink,* by *Daniel Brink* and *William J. Morris,* for appellant.

*John R. Cissna,* pro se.

*Williams, Lanza, Kastner & Gibbs, Payne & Verzani,* and *Ferguson & Burdell,* by *William D. Cameron,* for respondents.

ROSELLINI, J.—This action was commenced on May 29, 1969, by the Insurance Commissioner for the State of Washington, in his capacity as statutory rehabilitator of Federal Old Line Insurance Company (Mutual), a domestic mutual insurance company, under the authority of RCW 48.31.120 (2). The respondents are the former officers and directors of the defunct insurance company.

In 1963, Lee I. Kueckelhan, then State Insurance Commissioner, petitioned the superior court for an order directing rehabilitation of the company under the provisions of RCW 48.13.080. The petition was resisted by the company, which was under the control of the respondents. After extensive hearings, an order of rehabilitation was entered and was appealed by the company. (*Kueckelhan v. Federal Old Line Ins. Co. (Mutual),* 69 Wn.2d 392, 418 P.2d 443 (1966).) This court affirmed the order in December 1966. During the interim the company had been under the control of the respondents, who had signed a supersedeas bond in the amount of $661,000 to protect the company against losses which might be sustained as a result of the commissioner's inability to take possession of the company during the prosecution of the appeal.

Twenty-two months passed and still the commissioner was not permitted to assume control of the company. The commissioner sought appellate review of the trial court's orders which permitted this state of affairs, and in *Kueckelhan v. Federal Old Line Ins. Co. (Mutual),* 74 Wn.2d 304, 318, 444 P.2d 667 (1968), this court ordered that the com-

missioner be reinstated as rehabilitator "with authority to assume full possession and managerial control of the company." The history of the case during 1966-68 is set forth in the opinion of the court in that case and need not be repeated here.

In October 1968, by authority of this court's order, the commissioner was able to assume control of the company. Eight months later this action was commenced against the respondents, the complaint alleging that losses were sustained by the company due to negligence, misfeasance, malfeasance and/or fraud of the respondents.[1] The commissioner also sought in this action to hold the respondents liable upon the supersedeas bond.

Upon motions of the respondents, the trial court entered an order of partial summary judgment, under which it dismissed the commissioner's complaint insofar as the claims stated therein were found by the court to be barred by the statute of limitations. The commissioner has appealed, urging that the statute of limitations is not a bar to actions brought under authority of RCW 48.31.120(2). The respondents have taken a cross-appeal, contending that the trial court erred in its selection of the applicable statutes of limitation.

The respondents also have assigned error to the court's partial denial of their motions for summary judgment and the denial of the respondent J. H. Baker's motion to dismiss. The denial of a motion for summary judgment or of a motion to dismiss is not a final order and is not appealable. CAROA 14. *See Maybury v. Seattle,* 53 Wn.2d 716, 336 P.2d 878 (1959); *Hontz v. White,* 56 Wn.2d 538, 348 P.2d 420 (1960); *State v. Thompson,* 3 Wn. App. 332, 474 P.2d 906 (1970). While the judgment dismissing causes of action was a final judgment, the court's refusal to order further dismissals was not. If it erred in this respect, that error may be corrected during the course of the trial or it

---

[1]*See* RCW 48.05.370. Cases dealing with the liabilities of corporate directors for defalcations are assembled in an annotation in 25 A.L.R.3d 941 (1969).

can be reviewed upon an appeal from the final judgment. At this stage of the proceedings, it is interlocutory and not appealable.

■ Those questions which are before the court on this appeal all pertain to the dismissal of causes of action, based upon the conclusion that the Insurance Commissioner, acting under the authority of the insurance code in seeking to enforce claims of the company, is subject to the defense of the statute of limitations. We are of the opinion that the court erred in so holding.

RCW 4.16.160 provides:

The limitations prescribed in this chapter shall apply to actions brought in the name or for the benefit of any county or other municipality or quasimunicipality of the state, in the same manner as to actions brought by private parties: *Provided,* That there shall be no limitation to actions brought in the name or for the benefit of the state, and no claim of right predicated upon the lapse of time shall ever be asserted against the state: . . .

The respondents suggest that this provision is inapplicable because the action is not brought in the name of the state itself but rather in the name of the Insurance Commissioner. We held in *Smith v. Hopkins,* 10 Wash. 77, 38 P. 854 (1894), that it was immaterial whether an insurance commissioner's action to recover assets of the corporation was brought in his own name or in the name of the state.

In *Gustaveson v. Dwyer,* 83 Wash. 303, 308, 145 P. 458 (1915), this court said that a county exercises a part of the sovereign power of the state when it acquires property at a tax foreclosure sale and holds it in trust for the state, and that the statute of limitations does not run against the county when it acts in that governmental capacity. We quoted with approval the following from *Wasteney v. Schott,* 58 Ohio St. 410, 51 N.E. 34 (1898):

"When the action, though brought in the name of the state, is prosecuted for the enforcement of some private or individual right, and the state has no substantial interest in the litigation, the plea of the statute may be interposed. On the other hand, if the state is the real party in

interest, the plea of the statute is not available though the action be not prosecuted in its name; . . .

We think the principle stated there is sound, and is applicable here. The Insurance Commissioner is an elected officer of the state. RCW 48.02.010. He is charged under the insurance code with the responsibility of carrying out the public policy of the state, which is proclaimed by the legislature in that act. In performing the duties of his office, he acts for and in the interest of the state and for its benefit. We have no hesitancy in saying that an action brought by the Insurance Commissioner, in his official capacity and exercising the authority conferred upon him by statute, is an action by the state.[2]

But the respondents insist that even if the Insurance Commissioner can be said to have brought the action as an agent of the state, the action is not for the benefit of the state but rather for the benefit of a private party, the Federal Old Line Insurance Company.

We have said that if the state is a mere formal plaintiff in a lawsuit, acting only as a conduit through which one private person can conduct litigation against another, the state is not exempt from the defense that the statute of limitations has run on the action. *State v. Vinther,* 176 Wash. 391, 29 P.2d 693 (1934).

It cannot be denied that the proceeds of the commissioner's suit, if any, will inure to the benefit of the company and its policyholders. This is in accord with the legislative intent expressed in RCW 48.31. But obviously the commissioner is not authorized to take over the rehabilitation of insurance companies solely for the benefit of such companies, their shareholders, or policyholders. The legislature clearly had in mind, in enacting the insurance code, that such actions on the part of the commissioner would benefit the public generally. RCW 48.01.030 provides:

[2]*See also State ex rel. Fleming v. Cohn,* 12 Wn.2d 415, 121 P.2d 954 (1942), recognizing that if the state is the real party in interest in an action brought against one of its officers, it is considered a party to the action.

The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. Upon the insurer, the insured, and their representatives rests the duty of preserving inviolate the integrity of insurance.

RCW 48.31.030 authorizes the appointment of the commissioner of insurance as rehabilitator if the insurer

(5) [i]s found, after examination, to be in such condition that its further transaction of business will be hazardous to its policyholders, or to its creditors, or to its members, subscribers, or stockholders, or to the public;
. . .

Under RCW 48.31.250, the commissioner is required to report to the legislature in his annual report, the names of all insurers proceeded against under that chapter, showing such facts as will acquaint the public with the proceedings.

Thus it is clear that the legislation in question was enacted in the interest of the public generally. Actions taken by the commissioner in the discharge of his statutory responsibilities, while they undoubtedly benefit some private parties, are taken primarily in the public interest, as this court recognized in *Kueckelhan v. Federal Old Line Ins. Co. (Mutual)*, 74 Wn.2d 304, 314, 444 P.2d 667 (1968), where we said:

Thus, the legislature, in its wisdom, in its reliance upon the presumed expertise and experience of a duly elected and functioning state official, and in the public interest, vested the Commissioner with a realistic and effective control over the administration of the affairs and assets of an insurer found to be in need of rehabilitation . . . In this vein, and speaking of the part played by the court in a rehabilitation proceeding, we said in *Kueckelhan v. Federal Old Line Ins. Co. (Mutual)*, 69 Wn.2d 392, 418 P.2d 443 (1966), at 406:

. . .

. . . This task is assigned by the legislature to the Insurance Commissioner who acts to protect the general public, the policyholders and owners of the company, and the company itself.

We think that, in authorizing the commissioner to take charge of and manage the affairs of an insurer in need of rehabilitation, the legislature had in mind the possibility that an insurer may well have been the victim of negligence, fraud, or other breach of fiduciary duty on the part of its officers and directors and that the public interest required that officers be required to make good any losses to the company which they had caused. The legislature reasonably could have concluded that the deterrent effect of such proceedings by the commissioner, upon other parties charged with the responsibility of managing insurance companies, is a factor tending to benefit the public in general.

*See also Gustaveson v. Dwyer,* 78 Wash. 336, 139 P. 194 (1914), holding that the statute of limitations does not run against the county where it holds property in trust, if the state is one of the beneficiaries of the trust, even though it may not be the sole beneficiary.

Even though the action may be brought in the name of the state and for its benefit, the respondents argue, it is nevertheless subject to the statute of limitations because it is purely a derivative action, depending for its existence upon the right of a private individual. They point to the language of RCW 48.31.120(2), vesting the commissioner

by operation of law with the title to all of the property, contracts, and rights of action, and all of the books and records of the insurer . . . and he shall have the right to recover the same and reduce the same to possession . . .

There is in the statute no express provision subjecting the commissioner to all the defenses which would be available to a defendant in a private action. Therefore, we must assume that the legislature had in mind the provision found in RCW 4.16.160 and intended it to be given effect where applicable.

The fact that the state may be exercising a right derived by assignment or operation of law from a private individual is not determinative. In the case of *State v.*

*Vinther, supra* at 393, the state, as assignee of a claim of a workman's widow, brought suit against a third party who caused the death of the workman while he was in the course of extrahazardous employment. It was contended by the defendant that the statute of limitations barred any action against the state upon such an assigned claim, inasmuch as the proceeds would be used for the benefit of private individuals. After citing and quoting from the statute, this court said:

> There is a qualification of the rule exempting the state from the operation of the statute of limitations as well-founded in authority as the rule itself, to the effect that the statute will apply when the state is a mere formal plaintiff in a suit, not for the purpose of asserting any public right or protecting any public interest, but merely to form a conduit through which one private person can conduct litigation against another private person. *United States v. Beebe,* 127 U. S. 338, 8 S. Ct. 1083; *United States v. Fletcher,* 242 Fed. 818. It is upon this qualification of the general rule that the respondent relies to sustain the judgment of the trial court.

We discussed the public policy considerations which prompted the enactment of the workmen's compensation act, and said of it:

> The act, as a whole, is the exercise of a governmental function in the fullest sense of the word, having its support in the police power of the state.

176 Wash. at 394.

In answer to the argument that the state merely stands in the shoes of the assignor and is subject to the defenses available to the debtor against the assignor, we observed that the state's action against the third party upon the assigned claim is one for indemnification and arises out of statute. It is not a purely derivative action.

While the commissioner in this case does not seek indemnification for sums which the state has paid out, his is nevertheless an action authorized by statute and brought for the benefit of the state. The language of RCW 4.16.160 does not limit its application to actions in which the state

will reap a pecuniary benefit. Undoubtedly the legislature was aware that the public welfare is as much an interest of the state as is the public treasury.

As we held in *State v. Vinther, supra,* the proviso of RCW 4.16.160 applies to an action in the name and for the benefit of the state which is authorized by statute, even though it also may be a derivative action.

The respondents rely upon *Pacific Northwest Bell Tel. Co. v. Department of Revenue,* 78 Wn.2d 961, 481 P.2d 556 (1971), a declaratory judgment action brought by a holder of certain customer deposits. It was held there that a rule adopted by the Department of Revenue, by virtue of which it sought to impose upon the plaintiff the duty of reporting the property to the state as abandoned property, was invalid because it was contrary to the expressed legislative intent. Discussing the history of the Uniform Disposition of Unclaimed Property Act (RCW 63.28), we noted that the legislature had omitted from the uniform act which it adopted a provision which would have made statutes of limitation, which might otherwise be applicable, ineffective against the state's claims for abandoned property. Upon this reasoning, we held that it was the manifest legislative intent that claims of the state, asserted under the authority of the act, should be subject to the defense of the statute of limitations.

We said, in reaching that conclusion, that the act provided for escheat proceedings (RCW 63.28.280); that the right of escheat is purely derivative, and that consequently RCW 4.16.160 did not apply to such proceedings. We did not hold, as suggested by the respondents, that where the state exercises a right which is derivative, it is always subject to the same defenses which could be asserted against the private owner of the right. Such a holding was not necessary to the case and would have been in direct conflict with our decision in *State v. Vinther, supra,* which *Pacific Northwest Bell Tel. Co. v. Department of Revenue, supra,* did not purport to overrule. This court went no

further than to say that when the state relies upon escheat to establish its claim to property, it has no greater rights than the owner of that property could assert. Inasmuch as the decision in *Pacific Northwest Bell Tel. Co. v. Department of Revenue, supra,* turned upon a question of legislative intent in the enactment of the Uniform Disposition of Unclaimed Property Act and not upon a construction or application of RCW 4.16.160, it is not authority for the proposition that the state is always subject to the defense of the statute of limitations when it sues upon a cause of action derived from another.

We are convinced that the trial court erred when it determined that an action such as this by the Insurance Commissioner, brought under authority of statute against former officers and directors of a defunct insurer, alleging damages to the company resulting from alleged breaches of their fiduciary duties to that company, is subject to the defense of the statute of limitations.

We are not here called upon to decide and do not decide whether the same rule would apply in an action brought by the commissioner against debtors of the company not involved in its management.

The judgments of dismissal based upon the running of the statute of limitations are reversed and the cause is remanded for further proceedings accordingly.

HALE, C.J., FINLEY, HUNTER, HAMILTON, STAFFORD, WRIGHT, and UTTER, JJ., concur.