**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| BASILIO CORNELIO CARRERA, an unmarried individual; DEPARTMENT OF LABOR & INDUSTRIES, as statutory assignee of Basilio Cornelio Carrera, | No. 47397-6-II |
| Petitioners, | |
| v. | PUBLISHED OPINION |
| SUNHEAVEN FARMS, a Washington general Partnership; SUNHEAVEN FARMS, LLC, a Washington limited liability company; BRENT SCHULTHIES FARMS, LLC, a Washington limited liability company; BRENT SCHULTHIES and ELAINE SCHULTHIES, husband and wife, and the marital community comprised thereof, individually and as general partner of Sunheaven Farms; and JOHN DOES and JANE DOES 1 through 10 inclusive, | |
| Respondents, | |
| THOMAS S. OLMSTEAD and BARBRA E. OLMSTEAD, husband and wife, and the marital community comprised thereof; LAW OFFICE OF THOMAS S. OLMSTEAD, a Washington sole proprietorship; JOHN DOES and JANE DOES 1 through 10 inclusive, | |
| Defendants. | |

BJORGEN, C.J. — The Department of Labor and Industries (L&I) appeals the superior

court's order granting partial summary judgment in a third party action brought under the

Industrial Insurance Act (IIA), title 51 RCW, against farming conglomerate Sunheaven Farms

and certain persons associated with its operations. The action arose from injuries to Basilio

Carrera, an employee of Sunheaven's member company Brent Hartley Farms LLC. The

superior court ruled that L&I could not seek damages in an assigned third party action beyond the amount L&I had paid to Carrera for workers' compensation benefits because the statute of limitations had run on his claims. L&I argues that this ruling was in error because (1) it may seek noneconomic damages in an assigned third party action and (2) it was acting in the State's interest and, therefore, was not subject to the statute of limitations due to statutory and sovereign immunity.

We hold first that L&I may seek and recover, but may not retain, noneconomic damages in an assigned third party action. Instead, it must disburse those damages through the distribution formula prescribed by statute. Second, we hold that when L&I seeks such damages in an assigned third party action, it does so in part on behalf of the State and is, therefore, not subject to any statute of limitations. Accordingly, we reverse the superior court's order of summary judgment in favor of Sunheaven and remand for proceedings consistent with this opinion.

## FACTS

In the summer of 2009, Carrera was hired by Brent Hartley Farms, one of Sunheaven's constituent farms, to perform seasonal agricultural labor. Sunheaven contracted to provide safety compliance services at the farm but was not Carrera's direct employer. On August 14, Carrera was grievously injured while working with a conveyor belt. According to the complaint, Carrera had not been properly trained to use the machine, and the machine's safety features did not meet state standards.

Carrera brought a negligence suit against his employer, but the suit was dismissed because such claims are not allowed under the IIA. L&I was notified of the suit after the dismissal and identified Sunheaven and other entities as potential third party defendants subject

to suit under the IIA's third party action statutes. As required by those statutes, L&I notified Carrera on December 24, 2013 that he must elect whether he would pursue a third party action. When he failed to respond within 60 days as required, the action was assigned to L&I by operation of law.

Choosing to prosecute the assigned action, L&I filed an amended complaint against Sunheaven, Brent Hartley Farms and others on April 7, 2014, more than four years after Carrera was injured, asserting negligence claims and seeking both economic and noneconomic damages. This amended complaint included legal malpractice claims against Carrera's counsel in the earlier action against his employer. Among its affirmative defenses, Sunheaven claimed that a statutory three-year statute of limitations period had run and that applicable statutes allowed L&I to pursue Carrera's claims to recover only the amount it had paid Carrera for workers' compensation benefits.

Sunheaven sought summary judgment on the statute of limitations defense. The superior court granted the motion in part, barring L&I from seeking noneconomic damages and limiting economic damages to the amounts L&I paid or would pay in benefits. The superior court based its ruling on its "finding" that

> [t]he State of Washington Department of Labor & Industries, as statutory assignee of any applicable third party claims, stands in the shoes of the injured worker Basilio Carrera in asserting the third party claims made herein, and therefore the State's claims for the injured worker's non-economic damages claimed against Defendants Sunheaven Farms and Brent Schulthies herein are subject to all of the defenses available against the injured worker, including the statute of limitations, notwithstanding the provisions of RCW 4.16.160.

Clerk's Papers (CP) at 404. The superior court determined that L&I had paid or would pay $788,418 in total benefits and, therefore, ordered that its damages be limited to that amount.

L&I appeals the superior court's grant of partial summary judgment.

3

ANALYSIS

We review a grant of summary judgment de novo, engaging in the same inquiry as the court granting the motion. *Citizens All. for Prop. Rights Legal Fund v. San Juan County*, 184 Wn.2d 428, 435, 359 P.3d 753 (2015). Summary judgment is proper if

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

CR 56(c). This appeal presents no genuine issue of fact that is material to the order of partial summary judgment. Therefore, our analysis is confined to issues of law.

To determine whether the superior court erred, we must assess the scope and nature of assigned third party claims under the IIA. We look first to the statutory scheme authorizing third party actions and their assignment. Within the context of this statutory scheme, we then consider L&I's right to prosecute assigned third party actions in light of the damages it may retain. Finally, we examine the operation of statutes of limitation on third party claims and whether L&I enjoys sovereign immunity in its prosecution of such claims.

I. STATUTORY SCHEME

This case involves a challenge to an action brought by L&I against third parties allegedly liable for Carrera's injuries. We begin by considering the statutes and case law treating the nature and operation of third party actions generally, as well as the State's right of recovery in such actions.

A.      Third Party Actions under the IIA

The IIA grants workers injured on the job "speedy and sure relief" in the form of workers' compensation benefits, but prohibits them from bringing negligence actions against their employers. *See Flanigan v. Dep't of Labor & Indus.*, 123 Wn.2d 418, 422-23, 869 P.2d 14

(1994) (citing RCW 51.04.010). However, the IIA does not exempt third parties from liability in this manner, providing that

> [i]f a third person, not in a worker's same employ, is or may become liable to pay damages on account of a worker's injury for which benefits and compensation are provided under this title, the injured worker or beneficiary may elect to seek damages from the third person.

RCW 51.24.030(1).

A worker may initiate a third party action, RCW 51.24.030(1); but where, as here, the worker fails to elect whether to do so, the right to bring the action is assigned to L&I or the worker's self-insuring employer by operation of law. RCW 51.24.050(1).[1] L&I or the self-insurer may bring suit in the injured worker's name or compromise the claim as it sees fit. RCW 51.24.050(1). Any resulting damages award is subject to the following distribution arrangement: (1) L&I or the self-insurer is paid expenses incurred in making the recovery, including reasonable costs and attorney fees, RCW 51.24.050(4)(a); (2) 25 percent of the remaining balance goes to the injured worker, RCW 51.24.050(4)(b); (3) L&I or the self-insurer is then "paid the compensation and benefits paid to or on behalf of the injured worker or beneficiary," RCW 51.24.050(4)(c); and (4) any remaining balance is paid to the injured worker, RCW 51.24.050(4)(d). Any such remaining balance paid to the injured worker is counted against the worker's future benefits. RCW 51.24.050(5).

B.      L&I's Right of Recovery in Assigned Third Party Actions

To determine the boundaries of the State's right of recovery in assigned third party actions, we must interpret the opinions of our Supreme Court in *Flanigan*, *supra*, and *Tobin v.*

---

[1] If a worker has made no election, L&I may send a written demand under RCW 51.24.070(1). If the worker does not make the election within 60 days of receiving that demand, the action is assigned to L&I by operation of law. RCW 51.24.070(2).

*Department of Labor & Industries*, 169 Wn.2d 396, 239 P.3d 544 (2010), and decide whether those cases apply to recovery under RCW 51.24.050.

    1.  *Flanigan* and *Tobin*

    Our Supreme Court has clarified that worker-initiated third party actions under RCW 51.24.060 may be brought seeking noneconomic damages that exceed the sums paid for workers' compensation benefits, but that L&I is not entitled to any resulting noneconomic damages. *Tobin*, 169 Wn.2d 396; *Flanigan*, 123 Wn.2d 418. Because workers' compensation benefits "cannot take into account noneconomic damages, such as an employee's own pain and suffering," allowing a worker to recover such damages was intended to "increase his or her compensation beyond the Act's limited benefits." *Flanigan*, 123 Wn.2d at 423-24. However, "where the Department has not paid out benefits for a type of damages, it cannot seek reimbursement from that type of damages." *Tobin*, 169 Wn.2d at 401.

    In *Flanigan*, the court addressed whether L&I's right of reimbursement under the distribution formula extended to damages awarded in a private third party action for loss of consortium. 123 Wn.2d at 422. The court held that L&I was not entitled to distribution of such noneconomic damages because the workers' compensation benefits "[a]t the most . . . cover only certain out-of-pocket expenses, such as a portion of lost wages." *Id*. at 423. It reasoned that if L&I could reach an injured worker's recovery for loss of consortium, it would receive "an unjustified windfall" for a "share in damages for which it has provided no compensation." *Id*. at 425-26. Therefore, while "third party actions for loss of consortium are indeed covered by the Act . . . the statutory right of reimbursement under RCW 51.24.060 does not reach these recoveries." *Id*. at 426.

Following the *Flanigan* decision, the legislature amended the IIA to clarify that "'recovery' includes all damages except loss of consortium." RCW 51.24.030(5). In *Tobin*, the court considered the effect of that amendment and whether the reasoning in *Flanigan* should be extended to bar L&I from seeking its statutory share from other noneconomic damages awarded in a third party action to compensate an injured worker for pain and suffering. 169 Wn.2d at 401. As in *Flanigan*, the court reviewed a private third party action rather than one prosecuted by L&I. *Id*. at 398. The court interpreted the amendment and concluded that "the legislature intended to codify the holding of *Flanigan* and left the reasoning of *Flanigan* undisturbed." *Id.* at 402. On this basis, the court reasoned that, under RCW 51.24.060, L&I was not entitled to distribution of damages awarded for noneconomic harm like pain and suffering because, as in *Flanigan*, it had not paid any benefits as compensation for such harm. *Id*. at 402-03. It held that "chapter 51.24 RCW does not authorize the Department to subject pain and suffering damages to its reimbursement calculation." *Id*. at 404.

2. Applicability of *Flanigan* and *Tobin* to Assigned Third Party Actions

The parties disagree as to whether *Flanigan* and *Tobin* apply to assigned third party actions under RCW 51.24.050. According to Sunheaven, under *Flanigan* and *Tobin* L&I may not recover money awarded to an injured worker for noneconomic damages in *any* third party action under chapter 51.24 RCW. Our Supreme Court in *Tobin* repeatedly mentioned that, under chapter 51.24 RCW, L&I was not entitled to money awarded for noneconomic damages. The court stated, for example, that "[t]he central issue in this case is whether chapter 51.24 RCW authorizes the Department to include Tobin's pain and suffering damages in the distribution calculation," 169 Wn.2d at 400, and that "chapter 51.24 RCW does not authorize the Department to subject pain and suffering damages to its reimbursement calculation." *Id*. at 404. This

7

suggests, at least, that its holding extended generally to all third party actions under chapter 51.24 RCW. *Tobin*, 169 Wn.2d at 404, 406-07. The dissent in that case so interpreted the majority's holding. *See id*. at 407-09 (Fairhurst, J., dissenting).[2]

According to L&I, *Flanigan* and *Tobin* apply exclusively to worker-initiated third party actions under RCW 51.24.060. Key to the court's holdings in both cases was language in RCW 51.24.060 entitling L&I to payment of a portion of damages "'only to the extent necessary to reimburse'" it for benefits paid. *Tobin*, 169 Wn.2d at 402 (quoting RCW 51.24.060(1)(c)). As L&I points out, this language is not present in RCW 51.24.050. In addition, even if the Supreme Court did decide that L&I was limited to reimbursement recovery in all actions under chapter 51.24 RCW, that decision would be dictum as to recovery under RCW 51.24.050 because the recovery in both *Flanigan* and *Tobin* was governed only by RCW 51.24.060.

L&I is correct that in their holdings *Flanigan* and *Tobin* did not interpret RCW 51.24.030(5) or RCW 51.24.050, but instead only interpreted RCW 51.24.060 in light of the legislature's amendment. The court in *Tobin* also included language that indicates its holding is limited to RCW 51.24.060:

> The legislature amended the definitional section of the statute that codified the explicit holding of *Flanigan*. . . . [T]he legislature did not revise RCW 51.24.060(1)(c), the section restricting the Department to recovery "to the extent necessary . . . for benefits paid" or clearly define what types of damages the statute intends to provide compensation for. Because *Flanigan*'s reasoning rested on this unaltered section of the statute, damages for 'pain and suffering,' like loss of consortium, constitute noneconomic damage that the workers' compensation statutes do not compensate for.

---

[2] The dissenters even stated that "[i]t is now the legislature's turn to undo what the majority has done." *Id*. at 418 (Fairhurst, J., dissenting). The legislature has not done so in the six years that have elapsed since issuance of the decision in *Tobin*.

169 Wn.2d at 406. Moreover, interpreting RCW 51.24.030(5) as amended to define "recovery" as generally excluding noneconomic damages for all purposes of chapter 51.24 RCW would have barred not only L&I but also injured workers from recovering such damages. *See* RCW 51.24.050(4); RCW 51.24.060(1). Yet the court in *Flanigan*, 123 Wn.2d at 424, clearly stated that third party actions under the IIA were intended to allow such recovery by workers, and in *Tobin*, 169 Wn.2d at 403 expressly followed the reasoning of *Flanigan*.

However, the general reasoning of *Flanigan* and *Tobin* does apply with equal force to RCW 51.24.050. That statute provides that "[t]he department and/or self-insurer shall be paid the compensation and benefits paid to or on behalf of the injured worker or beneficiary by the department and/or self-insurer." RCW 51.24.050(4)(c). This describes a reimbursement scheme, even though it does not use the language of RCW 51.24.060. The court in both *Flanigan* and *Tobin* held that interpreting such a scheme to allow L&I distribution of noneconomic damages was inconsistent with chapter 51.24 RCW, because workers' compensation benefits compensate an injured worker exclusively for economic harm. 123 Wn.2d at 426; 169 Wn.2d at 401. We extend that reasoning to RCW 51.24.050 and hold that L&I may not retain noneconomic damages in assigned third party actions.

## II. PROSECUTION OF ASSIGNED THIRD PARTY ACTIONS SEEKING DAMAGES L&I MAY NOT RETAIN

L&I argues that it may prosecute an assigned third party action seeking all available damages, even those it may not retain under the statutory distribution scheme. We agree.

To determine whether L&I is limited in its ability to pursue certain types of damages in assigned third party actions, we must interpret RCW 51.24.050, the statute authorizing L&I to bring such actions. When interpreting a statute, we must determine and give effect to the legislature's intent. *Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014). We look

first to the plain language of the statute. *Id.* "When the legislature has expressed its intent in the plain language of a statute, we cannot substitute our judgment for the legislature's judgment." *Protect the Peninsula's Future v. Growth Mgmt. Hr'gs Bd.*, 185 Wn. App. 959, 972, 344 P.3d 705 (2015). To assess the meaning of the plain language, we consider the text of the provision in question, the context of the statute in which the provision is found, and related statutes. *In re Estate of Mower*, 193 Wn. App. 706, 713, 374 P.3d 180 (2016). Where a statutory term is not expressly defined in the statute, we will look to its usual and ordinary meaning. *Id.*

If the plain meaning of a statute is unambiguous, we must apply that plain meaning as an expression of legislative intent without considering extrinsic sources. *Jametsky*, 179 Wn.2d at 762. Statutory language is ambiguous if it is open to more than one reasonable interpretation. *Bostain v. Food Express, Inc.*, 159 Wn.2d 700, 708, 153 P.3d 846 (2007). We will not add language to an unambiguous statute. *Kilian v. Atkinson*, 147 Wn.2d 16, 20, 50 P.3d 638 (2002).

RCW 51.24.050(1) provides:

> An election not to proceed against the third person operates as an assignment of the cause of action to the department or self-insurer, which may prosecute or compromise the action in its discretion in the name of the injured worker, beneficiary or legal representative.

"Any recovery" that results from prosecution or compromise is then distributed according to the scheme described in part I(A), above. RCW 51.24.050(4). L&I is entitled to, at most, the amount required to compensate it for its legal fees and the workers' compensation benefits it has paid. If the amount awarded or paid in compromise exceeds the amount L&I may retain plus the 25 percent distributed to the injured worker, the injured worker or beneficiaries "shall be paid any remaining balance," RCW 51.24.050(4)(d), which then counts against future workers' compensation benefits, RCW 51.24.050(5).

This scheme anticipates that L&I would pursue assigned third party actions for damages beyond those it could retain. Simply to fully compensate L&I for the benefits it paid, the amount awarded would need to cover the injured worker's 25 percent distribution. Further, the statute provides for a specific distribution of remaining sums, clearly indicating that L&I may pursue such surplus damages. However, L&I is not entitled to *retain* any such surplus damages. Because these implications are plain on any reasonable reading of the statute, they are unambiguous.

Therefore, based on the plain meaning of RCW 51.24.050, we hold that L&I is not barred from seeking and recovering damages greater than the amount it may retain in an assigned third party action under the IIA. *See Duskin v. Carlson*, 136 Wn.2d 550, 555, 965 P.2d 611 (1998) (approving settlement of an assigned third party action that included an amount payable to L&I for the benefits paid and a greater amount payable to the injured worker). Even if L&I may not retain all the proceeds it requests as damages, it may seek and recover those damages in an assigned third party action and dispense them according to the statutory distribution scheme.

III. SOVEREIGN IMMUNITY FROM STATUTES OF LIMITATION

L&I argues that the superior court erred by concluding that it was time barred under the applicable statute of limitations from seeking any damages it could not retain. L&I does not dispute that third party actions under the IIA may be subject to a statute of limitations or that the statutory period ran before it brought the third party action. Instead, it argues that the superior court should not have effectively split the cause of action by limiting the available damages and that sovereign immunity rendered the statute of limitations inapplicable. We agree.

A.      The Statute of Limitations

Carrera's claims against Sunheaven, had he brought them privately, would have been barred by the applicable statute of limitations. Under RCW 4.16.080(2),[3] the following must be brought within three years:

> An[y] action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated.

This statute of limitations applies generally "to any other injury to the person or rights of another not enumerated in other limitation sections." *Stenberg v. Pac. Power & Light Co.*, 104 Wn.2d 710, 720, 709 P.2d 793 (1985).

A statute of limitations period for third party actions under the IIA is not among those enumerated elsewhere, so this three-year limitations period applies.[4] Because L&I raised Carrera's claims in a third party action more than three years after he was injured, it acted outside of this limitations period. Therefore, this third party action would be time barred, unless L&I is immune from operation of the statute.

B.      Separation of the Cause of Action

L&I argues that by barring some but not all recovery under the statute of limitations, the superior court in effect separated the third party action into two different actions seeking different classes of damages, and that it was error to do so. We agree.

RCW 51.24.030 grants the injured worker the right to pursue a third party action. This statutory right vests in the worker but is subject to valid election. RCW 51.24.030(1). If the

---

[3] RCW 4.16.080 was amended in 2011. The amendment does not affect the issues in this case.

[4] L&I does not dispute the applicability of RCW 4.16.080(2) or contend that the statute of limitations period was tolled.

worker brings the action, L&I or the worker's self-insuring employer has a "statutory interest in recovery" that entitles it to notice and an opportunity to intervene to protect its interest. RCW 51.24.030(2). Plainly, in such an action neither L&I nor a self-insurer has a separate claim against the third party by which it may seek its own damages, but rather has an interest in any resulting recovery.

However, if the injured worker elects not to pursue a third party action, that election "operates as an assignment of the cause of action to the department or self-insurer." RCW 51.24.050(1). For purposes of such an action, L&I or the self-insurer becomes the real party in interest controlling the prosecution or settlement of the cause of action. *Burnett v. Dep't of Corr.*, 187 Wn. App. 159, 172, 349 P.3d 42 (2015). At that point, pursuant to the statutory scheme for distribution, the injured worker possesses a statutory interest in any resulting recovery. *See* RCW 51.24.050(4).

The plain meaning of this statutory language, considered in the context of the larger statutory scheme, authorizes assignment of the underlying claims and does not create any new and independent cause of action. Chapter 51.24 RCW does not give an injured worker any particular legal claim against a third party. Instead, chapter 51.24 RCW operates as an exemption to the general rule under the IIA that an injured worker is limited in his or her recovery to workers' compensation benefits, allowing an injured worker to bring claims against third parties "liable to pay damages on account of a worker's injury for which benefits and compensation are provided." RCW 51.24.030(1). As the complaint in this case makes clear, the underlying source of such third party liabilities are the injured worker's claims resulting from the injury. By assigning the "cause of action" to L&I or a self-insuring employer, RCW 51.24.050(1) operates to assign the right to bring these underlying claims.

13

No language in the statute creates a new and independent cause of action that L&I may bring on its own behalf or indicates that the worker's underlying claims for damages L&I cannot retain should be transformed into a separate cause. Instead, the plain language of RCW 51.24.050(1) shows that L&I or a self-insurer may prosecute or compromise the underlying claims if the worker elects not to bring a third party action to litigate and redress those claims. Accordingly, we hold that L&I brings a single action when prosecuting or compromising an assigned third party action and has no separate cause of action that it may pursue independently.[5]

Statutes of limitations like RCW 4.16.080 attach to claims. *In re Estates of Palmer*, 145 Wn. App. 249, 258, 187 P.3d 758 (2008). Sunheaven points to no authority allowing operation of the statute of limitations to bar particular classes of damages. Therefore, the superior court erred by applying the statute of limitations to allow L&I to prosecute Carrera's claims but bar recovery of certain damages.

---

[5] Sunheaven argues that the claims underlying an assigned third party action may be time barred prior to assignment and thereby rendered inherently invalid. However, at most the third party action and its underlying claims are assigned subject to a possible statute of limitations defense. *See Pac. Nw. Bell Tel. Co. v. Dep't of Revenue*, 78 Wn.2d 961, 964-67, 481 P.2d 556 (1971). The claims are not inherently nullified by the possibility that they are time barred. *See* CR 8(c) (grouping statutes of limitations among "matter[s] constituting an avoidance or affirmative defense"). Therefore, for us to determine whether an assigned third party action is time barred we must first determine whether L&I is protected by sovereign immunity when it brings such an action.

We recognize that *Gorman v. City of Woodinville*, 175 Wn.2d 68, 283 P.3d 1082 (2012), held that title extinguished by adverse possession is invalid, and *Pacific Northwest Bell Telephone Co.*, 78 Wn.2d at 964, noted that the State takes derivative property rights subject to any valid statute of limitations defense. These cases, though, are factually distinguishable. A property right by its nature is one that would be extinguished under the circumstances of *Gorman* and *Pacific Northwest Bell*. The assigned right to a monetary recovery, on the other hand, would be barred by a statute of limitations only if it were applicable against the plaintiff.

C.      Sovereign Immunity

L&I takes the position that assigned third party actions under the IIA are not subject to statutes of limitations because it enjoys sovereign immunity from those limitations. We agree.

L&I argues that it was not subject to the limitations period because it was acting in the interests of the state. RCW 4.16.160 provides that when a public entity brings an action,

> except as provided in RCW 4.16.310, there shall be no limitation to actions brought in the name or for the benefit of the state, and no claim of right predicated upon the lapse of time shall ever be asserted against the state: AND . . . no previously existing statute of limitations shall be interposed as a defense to any action brought in the name or for the benefit of the state.

This statute applies the common law doctrine of sovereign immunity to statutes of limitations. *Wash. State Major League Baseball Stadium Pub. Facilities Dist. v. Huber, Hunt & Nichols-Kiewit Constr. Co.*, 165 Wn.2d 679, 686, 202 P.3d 924 (2009).

Under that common law doctrine, a public entity enjoys immunity from statutes of limitations for actions "aris[ing] from an exercise of powers traceable to delegated sovereign state powers." *Id*. Where a public entity acts for the benefit of the State pursuant to delegated authority, it exercises such sovereign powers. *Id*. at 686-87. Even where a statutory scheme allows private prosecution of certain claims, a public entity acting for the benefit of the State may enjoy sovereign immunity when it brings the same or similar claims. *See State v. LG Elec., Inc.*, 185 Wn. App. 123, 144, 340 P.3d 915 (2014), *review granted*, 183 Wn.2d 1001 (2015).

An action is taken "for the benefit of the state" if it is taken "for the common good." *Wash. State Major League Baseball Stadium Pub. Facilities Dist.*, 165 Wn.2d at 687. "The fact that the state may be exercising a right derived by assignment or operation of law from a private individual is not determinative." *Herrmann v. Cissna*, 82 Wn.2d 1, 7, 507 P.2d 144 (1973). However, if the action is "for the specific benefit or profit" of a private entity, it is taken on

that's entity's behalf rather than on behalf of the State. *Wash. State Major League Baseball Stadium Pub. Facilities Dist.*, 165 Wn.2d at 689. Where such actions are authorized by statute, they are immune from statutes of limitations unless the authorizing statute includes an express provision abrogating immunity. *LG Elec.*, 185 Wn. App. at 137; *see also Herrmann*, 82 Wn.2d at 7.

In the context of third party actions under the IIA, the issue turns on "whether the state, in suing for the benefit of the accident fund, is acting in its sovereign capacity in furtherance of its public policy, or merely suing . . . for the benefit of private individuals." *State v. Vinther*, 176 Wash. 391, 393, 29 P.2d 693 (1934). An otherwise applicable statute of limitations, therefore, "will apply when the state is a mere formal plaintiff in a suit, not for the purpose of asserting any public right or protecting any public interest, but merely to form a conduit through which one private person can conduct litigation against another private person." *Id.*; *accord Herrmann*, 82 Wn.2d at 5.

In *Vinther*, our Supreme Court addressed an earlier workers' compensation statute that limited the State's recovery to a subrogation amount when a worker or his beneficiaries elected to take workers' compensation benefits. 176 Wash. at 391-92. At the time, the State was not allowed to seek damages beyond this subrogation amount. *Vinther* stands for the proposition that the State is not bound by statutes of limitations when it seeks statutorily authorized repayment for sums paid to an injured worker or his beneficiaries under a workers' compensation statute. Under *Vinther*, L&I may bring third party claims outside of the otherwise applicable limitations period to the extent those claims seek authorized repayment of benefits.

If L&I is not authorized to retain damages, it is necessarily seeking those damages not as repayment but rather on behalf of the injured worker. However, this does not necessarily make

L&I merely a conduit for the injured worker, since actions taken on behalf of private entities may still further important statutory purposes for the benefit of the State and its people.

In *Hermann*, our Supreme Court addressed a similar situation regarding an action brought by the state insurance commissioner on behalf of a defunct insurer against its former officers and directors. 82 Wn.2d at 2. The court held that the action was exempt from the statute of limitations because the commissioner was acting in part to regulate negligent and fraudulent conduct by the officers and directors of insurance companies. *Id.* at 7. It noted that

> [t]he legislature reasonably could have concluded that the deterrent effect of such proceedings by the commissioner, upon other parties charged with the responsibility of managing insurance companies, is a factor tending to benefit the public in general.

*Id.*

As L&I points out, it is similarly reasonable to believe the legislature intended third party actions under the IIA to have a deterrent effect on dangerous workplace conduct and conditions. Tort law has a deterrent effect on negligence, and exemptions from tort liability can weaken that deterrent effect. *See Davis v. Baugh Indus. Contractors, Inc.*, 159 Wn.2d 413, 419-20, 150 P.3d 545 (2007). While the IIA exempts employers from such liability, it specifically excludes third party tortfeasors from that exemption by authorizing third party actions. By allowing L&I to prosecute or compromise third party actions that an injured worker cannot or does not want to pursue, the IIA strengthens the threat of liability to negligent third parties. In this way, the assignment of third party actions creates a deterrent that can be considered a form of workplace regulation.

Further, L&I has no separate cause of action in assigned third party claims. Therefore, L&I can replenish its coffers only by bringing the injured worker's assigned underlying claims.

Such replenishment clearly benefits the State, as it reduces fiscal strain and promotes the continued viability of the workers' compensation system. More importantly, the legislature clearly contemplated that L&I would be able to seek replenishment in this manner, as it gave L&I a statutory interest in the damages awarded in any third party action for repayment of the benefits amount. *See* RCW 51.24.050(4); RCW 51.24.060(1).

L&I acts for the benefit of the State when it prosecutes or compromises assigned third party actions pursuant to the authority granted in RCW 51.24.050.[6] Although it may not retain all damages it may seek, it is not pursuing the action merely as a conduit for the injured worker. Its actions promote a deterrent effect as well as replenish its coffers. As such, L&I is acting on behalf of the State in ensuring the efficacy and vitality of the workers' compensation system. Because nothing in chapter 51.24 RCW expressly abrogates or limits sovereign immunity, RCW 4.16.160 insulates L&I from application of the statute of limitations found in RCW 4.16.080(2). The superior court erred by granting summary judgment on grounds that it was time barred under that statute.

CONCLUSION

We hold that L&I may seek and recover, but not retain, noneconomic damages in an assigned third party action. Instead, it must dispense those damages through the statutory distribution formula. We also hold that when L&I seeks such noneconomic damages in an assigned third party action, it does so in part on behalf of the State and is, therefore, not subject

---

[6] Due to the factual scope of this case, we do not address whether this holding should extend to self-insuring employers who prosecute or compromise assigned third party actions under RCW 51.24.050.

to any statute of limitations. Accordingly, we reverse the superior court's order of summary judgment in favor of Sunheaven and remand for proceedings consistent with this opinion.

Bjorgen, C.J.

We concur:

Worswick, J.

Lee, J.